IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| (1) KATHY BAKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIV-06-5068-CV-SW-JCE |
| | ) |
| (1) SILVER OAK SENIOR LIVING MANAGEMENT CO., L.C., and | ) ) |
| (2) EQUI-MANAGEMENT SERVICES, LTD., | ) ) |
| | ) |
| Defendants | ) |

**SUGGESTIONS IN OPPOSITION TO PLAINTIFF'S MOTION
FOR ATTORNEY FEES AND NON-TAXABLE EXPENSES (DKT 147)**

Defendants Silver Oak Senior Living Management Co., L.C. and Equi-Management Services, Ltd., hereby oppose Plaintiff's Motion for Attorney Fees and Non-Taxable Expenses (Dkt 147). Defendants object to plaintiff's Motion on the following bases:

1. Plaintiff submits no competent evidence demonstrating that the rates at which her attorneys seek compensation are rates customarily charged in the Springfield Community;

2. The only competent evidence submitted to the Court in the form of a defense affidavit in support of these Suggestions demonstrates that prevailing rates for employment-related matters in the Springfield area are significantly lower than those charged by opposing counsel;

3. Plaintiff was the prevailing party on only two of the four causes of action she pursued up until the very day on which the case was submitted to the jury and in fact, Plaintiff had lost the dismissed causes of action on summary judgment in this case earlier;

4. The contention in the affidavit of David M. Slaby filed as Exhibit G

in support of Plaintiff's Motion for Attorney Fees that he had to refer this case to Kansas City counsel in order "to get competent representation for Ms. Baker's employment discrimination claims," is not only untrue, but when viewed in connection with opposing counsel's previous practice experience in Springfield, calls into question the veracity of all the evidence submitted in support of Plaintiff's Motion; and

5. The Court should deny Plaintiff's request pursuant to Fed. R. Civ. P. 54(d)(2) for any "other costs" associated with travel for depositions.

## I. SUGGESTIONS IN OPPOSITION

### A. Standard for Awarding Attorney Fees.

Under Section 213.111.2 of the MHRA, the trial court *"may award court costs and reasonable attorney fees* to the prevailing party, . . . except that a prevailing respondent may be awarded court costs and reasonable attorney fees only upon a showing that the case is without foundation." Therefore, whether this Court awards attorney fees to Plaintiff is discretionary. This Court granted summary judgment to Defendants on October 11, 2007, making Defendants the prevailing parties up until that date. On September 14, 2009, the Court of Appeals for the Eight Circuit reversed and remanded for further proceedings. The Court of Appeals did not render a decision in favor of Plaintiff under the ADEA or the MHRA.

While the case was pending on appeal, the United States Supreme Court set forth the much more stringent "but for" causation standard of proof for cases filed pursuant to the ADEA. *Gross v. FBL Financial Services, Inc.*, ___ U.S. ___, 129 S.Ct. 2343, 174 L.Ed. 2d 119 (2009). In part based on the new standard of proof the Eighth Circuit reversed this Court's grant of summary judgment. Immediately before the case came on

for trial, Plaintiff informed the Court and defense counsel of her intention to pursue relief only under the Missouri Human Rights Act rather than the ADEA as well. This choice was clearly motivated by the much less rigorous standard of proof required under the MHRA – the "contributing factor" standard.

Based on their good faith belief and Plaintiff's initial pleadings in the case, Defendants sought dismissal of the case for lack of subject matter jurisdiction, as she had pleaded only federal question jurisdiction and had not alleged jurisdictional facts to support diversity. Plaintiff then changed her mind again and decided to pursue the ADEA. At the close of the evidence, with assurances from the Court that it would not dismiss the case for lack of subject matter jurisdiction, Plaintiff again withdrew her ADEA claim with its "but for" causation standard and pursued relief only under the MHRA. The jury found that age was a "contributing factor" in Defendants employment decisions relative to plaintiff and a "contributing factor" in its alleged retaliation against plaintiff. Accordingly, Plaintiff was the prevailing party on only two of her four originally stated causes of action – a success rate of fifty percent (50%).

### B. Factors for the Court to Consider In Awarding Attorney Fees.

Plaintiff bears the burden of proving that she is entitled to an award of attorney fees as well as the reasonableness of her requested attorney fees and the Court should consider the following factors in determining the reasonable amount of those fees:

1. the rates customarily charged by the attorneys involved in the case and by other attorneys in the community for similar services;

2. the number of hours reasonably expended on the litigation;

3. the nature and character of the services rendered;

4. the degree of professional ability required;

5. the nature and importance of the subject matter;

6. the amount involved or the result obtained; and

7. the vigor of the opposition.

*Gilliland v. Missouri Athletic Club*, 273 S.W.3d 516, 522 (Mo. banc 2009).

    **C.    Plaintiff Submits No Evidence Demonstrating That The Rates At Which Her Attorneys Seek Compensation Are Rates Customarily Charged In The Springfield Community.**

Plaintiff submits the affidavits of her attorneys as to billing rates they allegedly charge for cases of this nature in their practice, i.e., single-plaintiff cases filed pursuant to the Missouri Human Rights Act. Those rates are $325/hour (Kingston, Ex. B to Dkt. 147); $400/hour (Bratcher, Ex. C to Dkt. 147) and $350/hour (Gockel, Ex. D to Dkt. 147). However, Plaintiff submits no evidence in support of the reasonableness of those fees for employment attorneys in the Springfield area. Rather, she includes the affidavits of Dennis Egan, an attorney in Kansas City demonstrating that those rates allegedly are reasonable in Kansas City (Ex. E to Dkt. 147) and an attorney in St. Louis demonstrating that those rates allegedly are reasonable in St. Louis. (Ex. F to Dkt. 147). In order to "bootstrap" those rates into the Springfield legal market, Plaintiff also attaches the affidavit of attorney David M. Slaby in Nevada, Missouri, who represented her in a workers' compensation claim. In his affidavit, Mr. Slaby states:

    4.    I represented Kathy Baker in a workers' compensation matter when I became aware that Ms. Baker had a claim for age discrimination and retaliation. Since I do not handle employment discrimination law, I

> referred the case to Kristi Kingston of Bratcher Gockel & Kingston in Kansas City, MO in 2005.
>
> 5. To my knowledge there are no attorneys handling employment discrimination matters anywhere close to Nevada, MO and few in Springfield MO. I had to refer Ms. Baker to Kansas City, MO to get competent representation for Ms. Baker's employment discrimination claims.

(Ex. G to Dkt. 147).

Finding these assertions difficult to believe, defense counsel performed a rudimentary search on www.Martindale.com, the on-line attorney search service provided by Martindale Hubbell, by searching for "labor and employment attorneys" in Springfield, Missouri. The results revealed twenty-four (24) attorneys who practice in the labor and employment field in Springfield. (Ex. A). Among those, seven were rated by Martindale Hubbell's peer review rating system at the highest level of "AV," and four were at the second-highest rank of "BV." (Ex. A). A simple search on the familiar search engine www.yahoo.com revealed an additional eight (8) lawyers and law firms in Springfield who practice employment law in the Springfield area. (Ex. B). Because Plaintiff submits no evidence in support of an award of attorney fees at the rates requested, and because a lawyer's customary billing rate is a relevant but not conclusive factor in awarding fees, *Spulak v. K Mart Corp.*, 894 F.2d 1150, 1160 (10th Cir. 199), the Court should not award such high rates for legal services rendered in the Springfield area.

> D. **The Only Competent Evidence Submitted To The Court In The Form Of A Defense Affidavit In Support Of These Suggestions Demonstrates That Prevailing Rates For Employment-Related Matters In The Springfield Area Are Significantly Lower Than Those Charged By Opposing Counsel.**

One "AV" rated attorney in Springfield who specializes in Employment Discrimination lawsuits is Todd A. Johnson of the law firm Ellis, Ellis, Hammons & Johnson, P.C. Mr. Johnson's affidavit is submitted as Exhibit C in support of these Suggestions. Having practiced employment law in the Springfield area for nineteen (19) years, Mr. Johnson is qualified to provide his opinion as to reasonable rates charged in the Springfield, Missouri area in single-plaintiff employment claims. Based upon his years of experience, his knowledge of prevailing attorney's fees in the Springfield legal community from both a plaintiff's and a defense perspective, Mr. Johnson states that the range of appropriate fees is "$175.00 to $250.00 per hour, depending on the experience level represented." (Ex. C, ¶7). Further, Mr. Johnson states that in his "opinion, there are multiple competent attorneys who practice employment discrimination law in the Springfield area, as [he practices] against them on both sides of the table." (Ex. C, ¶8).

Beginning in 1996, Mr. Johnson represented Tracker Marine, L.P. in a case filed by Carolyn Coffman both in the United States District Court for the Western District of Missouri in Springfield and before the Eighth Circuit, Case Nos. 96-4115 and 97-1120. In that case, opposing counsel was Lynne J. Bratcher who represents plaintiff Kathy Baker in the case at bar. (Ex. C, ¶4); *Coffman v. Tracker Marine,* 141 F.3d 1241 (8th Cir. 1998). Ms. Bratcher, Ms. Kingston and/or Ms. Gockel have also represented plaintiffs in at least two (2) cases with opinions are readily available in the W.D. Missouri in Springfield against attorneys from Springfield. *See, e.g., Jacob v. City of Osceola, Missouri,* 2006 WL 741918 (W.D. Mo. 2006)(summary judgment granted for Defendant)(Ex. D.) and *Brown v. Lester E. Cox Medical Centers,* 286 F.3d 1040 (8th Cir.

2002)(judgment for plaintiff affirmed on appeal)(Ex. E.)

Accordingly, it comes as some surprise that Plaintiff has submitted the affidavit of Attorney Slaby stating that in order for her to obtain "competent representation" in this single-plaintiff employment case, she had to travel to Kansas City. Because plaintiff has submitted no competent evidence of the rates charged by employment attorneys in the Springfield Missouri, to the extent the Court awards attorney fees to plaintiff under the MHRA, defendants would request that the rates charged be reduced to $175.00 to $250.00 per hour, depending on each attorney's qualification. The only competent evidence submitted tending to show the reasonable rates to be charged in the Springfield area is the affidavit of attorney Todd Johnson, and it supports these rates. While Plaintiff's proffered evidence may support those rates in Kansas City or St. Louis, it does not support those rates for employment attorneys in Springfield, which is home to "multiple competent attorneys who practice employment discrimination law in the Springfield area." (Ex. C, ¶8).

> E. **Plaintiff Was The Prevailing Party On Only Two Of The Four Causes Of Action She Pursued Up Until The Very Day On Which The Case Was Submitted To The Jury And In Fact, Plaintiff Had Lost The Dismissed Causes Of Action On Summary Judgment In This Case Earlier.**

The Court is considered an expert on attorney fees. *H.S. v. Board of Regents,* 967 S.W.2d 665, 674 (Mo. App. E.D. 1998). In this case, the jury awarded damages to plaintiff under her two causes of action filed pursuant to the MHRA – age discrimination and retaliation. She was not the prevailing party for age discrimination or retaliation under the ADEA, two causes of action she pursued until the very eve of trial. Only when

confronted with the arguments that the Court lacked diversity jurisdiction did she decide to pursue all four causes of action, dropping the two under the ADEA immediately before submitting the case to the jury. There is no doubt that plaintiff made this decision due to the much lower "contributing factor" burden of proof required to prove liability under the MHRA. As Defendants noted in their timely-filed Renewed Motion for Judgment as a Matter of Law, New Trial or Remittitur[1], there was not sufficient evidence to sustain the jury's finding of "contributing factor," let alone "but for" causation. Accordingly, although the jury verdict rendered on the two remaining causes of action was substantial (though unsupported by the evidence), it is clear from the procedural history of the case that Plaintiff was well aware that she had no likelihood of success on the merits of either claim under the ADEA and dismissed it both before and during trial. The United States Supreme Court has noted that:

> . . . where a plaintiff has achieved only partial or limited success, "the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Hensley v. Eckerhart,* 461 U.S. 424, 436, 103 S.C.t 1933, 76 L.Ed.2d 40 (1983). The Court noted that this is true even where a plaintiff's claims are "interrelated, non-frivolous, and raised in good faith." *Id.*

*Williams v. Trans State Airlines, Inc.,* 281 S.W.3d 854, 879 (Mo. App. E.D. 2009).

Because the ADEA does not permit an award of interim attorney fees to a plaintiff who prevails on appeal only to the extent of having a case reinstated after being dismissed by the lower court, *Hickey v. Arkla Indus., Inc.,* 624 F.2d 35 (5th Cir. 1980), plaintiff cannot recover attorney fees under the ADEA. In *Hickey,* the Fifth Circuit found

---

[1] Which defendants re-urge herein.

that Congress intended "to permit the interim award of counsel fees only when a party has prevailed on the merits of at least some of his claims. For only in that even has there been a determination of the "substantial rights of the parties," which Congress determined was a necessary foundation for departing from the usual rule in this country that each party is to bear the expense of his own attorney." *Id., citing, Hanrahand v. Hampton*, 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980).

Based upon the procedural history of plaintiff's decision to pursue only two of the four originally asserted causes of action, the reasons for that decision, and the case law cited, Defendants would request that the "lodestar" amount of fees requested for 625 hours of legal representation be reduced not only to hourly rates between $175.00 and $250.00, but also by 50% in terms of hours to reflect the 50% success plaintiff ultimately received at trial.

> F. **The Contention In The Affidavit Of David M. Slaby Filed As Exhibit G In Support Of Plaintiff's Motion For Attorney Fees That He Had To Refer This Case To Kansas City Counsel In Order "To Get Competent Representation For Ms. Baker's Employment Discrimination Claims," Is Not Only Untrue, But When Viewed In Connection With Opposing Counsel's Previous Practice Experience In Springfield, Calls Into Question The Veracity Of All The Evidence Submitted In Support Of Plaintiff's Motion.**

Based upon the foregoing evidence regarding Attorney Slaby's affidavit and Plaintiff's counsels' previous practice experience against employment attorneys in Springfield, it is clear that Plaintiff submits Slaby's affidavit solely in an effort to obtain billing rates higher than those customarily charged in the Springfield area for legal services. Again, this is a single-plaintiff age discrimination case ultimately pursued

under only the MHRA – not a class action, or one filed under multiple federal and state employment statutes. Defendants would suggest that this type of affidavit submitted solely to bolster available billing rates not only should be allowed, but also calls into question the other evidence submitted in support of Plaintiff's Motion for Attorney Fees. (*See, e.g.,* Ex. A to Dkt. 147, p. 46 of 50, time entry for "LJB" on 3/26/2010 for .50 hours for "unloaded boxes and file," $200.00). Although cognizant that the Judge is considered an expert on attorney fees, Defendants would request additional discovery and/or an evidentiary hearing during which this sketchy type of "evidence" can be fleshed out to determine what, if any, attorney fees should be awarded.

### G. The Court Should Deny Plaintiff's Request for Reimbursement of Travel Expenses as "Other Costs" Under Fed. R. Civ. P. 54(d)(2).

Pursuant to Fed. R. Civ. P. 54(d)(2), plaintiff seeks $1662.38 for travel expenses associate with attending the deposition of Jennifer Upshaw in Dallas, Texas. (Dkt. 147, pp. 17-18). Taxable costs do not automatically include all expenses. Absent extraordinary or compelling circumstances, travel of attorneys is not a taxable cost of taking depositiosn. *Hollenbeck v. Falstaff Brewing Corp.*, 604 F.Supp. 421, 439 (E.D. Mo. 1984). Plaintiff noticed the deposition of Jennifer Shaw but did not use it at trial and has made no showing that it was necessary to the preparation of her case. The mere fact that a deposition had "probative value" is insufficient to justify an award of costs (or travel costs) of that deposition. *Ryther v. Kare 11*, 864 F.Supp. 1525, 1534 ((D. Minn. 1994). Defendants request that the Court deny plaintiff's counsel's travel costs for round-trip airfare ($226.60), Travel Expense (taxi)($44.00), Rental Car, ($48.84), Rental

Car & Gas ($313.16), Lodging ($1093.03), Meals $194.05, Parking ($24.70), for a total of $1662.38.

WHEREFORE, the Defendants Silver Oak Senior Living Management Co., L.C. and Equi-Management Services, Ltd., request the Court to allow discovery or an evidentiary hearing on Plaintiff's Motion for Attorney Fees, or alternatively, reduce the billing rates requested by Plaintiff's counsel to reasonable rates of $175.00 to $250.00 per hour, as supported by the only competent evidence of rates charged by employment attorneys in Springfield and reduce by 50% the number of hours billed by Plaintiff's counsel based on the fact that she was the prevailing party only two of the four causes of action she pursued up until the close of evidence. Defendants also request that the Court deny Plaintiff's request for $1662.38 in "Other Costs."

Respectfully requested,

s/ Malinda S. Matlock
Malinda S. Matlock, OBA #14108
Larry G. Cassil, Jr., OBA #14694
PIERCE COUCH HENDRICKSON
 BAYSINGER & GREEN, L.L.P.
P.O. Box 26350
Oklahoma City, Oklahoma 73126-0350
Telephone: (405) 235-1611
Facsimile: (405) 235-2904
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

On this 3 day of May 2010, I electronically transmitted this document to the Clerk of the Federal Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Lynne Bratcher
Kristi L Kingston
1935 City Center Square
1100 Main Street
P.O. Box 26156
Kansas City, MO  64196-6156
Telephone:   (816) 221-1614
Facsimile:   (816) 421-5910

*Attorneys for Plaintiff*

/s  Malinda S. Matlock