# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHWESTERN DIVISION

| | |
|---|---|
| KATHY BAKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 06-5068-CV-SW-JCE |
| ) | |
| SILVER OAK SENIOR LIVING ) | |
| MANAGEMENT CO., L.C., and ) | |
| EQUI-MANAGEMENT SERVICES, LTD., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Defendants have filed a Motion for Judgment as a Matter of Law or, in the Alternative, Motion for New Trial or Remittitur (Doc. 152). Plaintiff has filed suggestions in opposition (Doc. 159), to which defendants have replied (Doc. 170). Both parties have detailed the evidence believed to support their respective positions.

The jury was instructed on the elements of plaintiff's claim for age discrimination in Instruction Nos. 7 and 8. Viewing the evidence most favorable to the plaintiff, there was sufficient evidence to support the jury verdict. There was evidence presented that comments by officers of the defendants were age related. There were directors over the age of 40 who were replaced by younger individuals. These decisions were made prior to plaintiff filing her charge of discrimination. There was conflicting testimony from defendants' witnesses as to why plaintiff was fired. The trial testimony continued to confuse this issue. The Jury could conclude that the reasons given were a pretext designed to conceal age-related decisions. The jury obviously found credibility issues in favor of plaintiff and her witnesses.

The jury was instructed with regard to the law on plaintiff's claim of retaliation. *See Instruction Nos. 10 and 11*. The jury found plaintiff's testimony that she advised her supervisor she would refuse to fire older employees, because of their age, credible. The jury could then believe that this was a contributing factor in defendants' decision to discharge plaintiff. Shortly after this event, plaintiff received adverse employment actions. A jury could find that the timing of these actions significant. As noted above, there were conflicting reasons given for plaintiff's termination. A reasonable jury could conclude that the reasons given were a pretext to retaliation. The timing and circumstances of plaintiff's termination were factors a reasonable jury could conclude were a result of retaliation.

The jury was instructed with regard to the elements necessary for punitive damages. *See Instruction No. 13*. A reasonable jury could have concluded that punitive damages were justified by the dismissive attitude demonstrated by the referral of plaintiff's complaints to the person directly involved in disputed activities. In addition, a reasonable jury could have concluded that defendants' conduct was outrageous because of evil motive or reckless indifference, based upon the testimony of Sam Crosby, defendants' owner, which included his views of age discrimination as an issue and the fact that ownership refused to review or change their harassment policy and failed to conduct any meaningful investigation into plaintiff's complaints.

Finally, with regard to a request for remittitur, there was testimony to support economic loss of approximately $50,000.00. A reasonable jury could have found plaintiff's claim of emotional distress credible, in part, based upon her work history and her description of her love for her job. The evidence also would support a finding that her distress was exacerbated by the circumstances and timing of her discharge. It is therefore

2

ORDERED that defendants' Motion for Judgment as a Matter of Law or, in the Alternative, Motion for New Trial or Remittitur be, and is hereby, denied.

      /s/ *James C. England*
      **JAMES C. ENGLAND**
      **UNITED STATES MAGISTRATE JUDGE**

Date: July 28, 2010