# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHWESTERN DIVISION

| | |
|---|---|
| KATHY BAKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 06-5068-CV-SW-JCE |
| | ) |
| SILVER OAK SENIOR LIVING | ) |
| MANAGEMENT CO., L.C., and | ) |
| EQUI-MANAGEMENT SERVICES, LTD., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff filed a Motion to Attorneys' Fees and Non-Taxable Expenses (Doc. 147), to which defendants have filed suggestions in opposition (Doc. 155). Plaintiff thereafter filed her reply to defendant's opposition (Doc. 167). In her motion, plaintiff requests an award of attorneys' fees in the amount of $194,689.50, and non-taxable expenses in the amount of $3,626.71.

In the objections to plaintiff's request, defendants argue that the rates claimed by plaintiff's counsel are excessive for the Springfield community. Those rates are $325.00 per hour for Kingston; $400.00 per hour for Bratcher, and $350.00 per hour for Gockel. In support of their contention that these rates are unreasonable, defendants submit the affidavit of Todd A. Johnson, attorney at law, who specializes in employment discrimination matters. Mr. Johnson's offices are in Springfield, Missouri. He states that his rate varies from $175.00 to $250.00 per hour. Plaintiff has submitted affidavits from the Kansas City area and the St. Louis area and court orders awarding attorneys' fees in other cases. In the reply, plaintiff submitted the affidavit of Matthew W. Placzek , a plaintiff's attorney in the Springfield, Missouri, area for the last 37 years. Inherent in the

defendants' objections is the argument that plaintiff chose an attorney from the Kansas City area and defendants should not be penalized because attorneys fees are higher than in the Springfield area.

The Court notes that neither plaintiff's counsel nor defendants' counsel were from the Springfield area. From personal observation of the written work, as well as the conduct of the trial in this case, it is clear that both parties received excellent representation from experienced and well-qualified attorneys. Plaintiff's attorneys are well known throughout the Western District of Missouri and comprise one of the pre-eminent firms that specialize almost exclusively representing plaintiffs in employment matters. They maintain an excellent reputation. They have been employed on several occasions to represent plaintiffs in the Southern Division of the Western District of Missouri. The decision of the referring attorney in this case, whose office is in Nevada, Missouri, was entirely reasonable. Nevada is approximately equal distance to Kansas City or Springfield. In view of counsels' proven expertise, the decision to refer the case to a firm with a reputation noted above cannot be criticized. The rates charged in the specialized and important area of civil rights enforcement are therefore justifiable. There has been no serious challenge to the number of hours expended. The history of the case also supports the submission.

Defendants also argue that plaintiff was the prevailing party in only two of the four causes of action she pursued. This case was filed as a Title VII and MHRA case. Plaintiff submitted only the MHRA claims to the jury and received an award of compensatory damages in the amount of $200,000.00, and punitive damages in the amount of $200,000.00. The fact that there may be several theories of recovery does not prevent plaintiff from being a prevailing party. The legal theories in this case are all based on a common core of facts and the plaintiff received excellent results.

Defendants specifically challenge an expenditure item submitted on March 26, 2010, for .50 hours for unloaded boxes and files. Plaintiff's counsel chose not to enlist the services of support personnel during the trial of this case. That decision results in a savings, even though this particular entry is at a higher cost.

Finally, defendants dispute the travel expenses associated with attending the deposition of Jennifer Upshaw in Dallas, Texas. Ms. Upshaw's deposition was taken, but was not used at trial. The testimony at the trial established that Ms. Upshaw was a vice president with personal knowledge of several of the disputed facts in this case. There is nothing to call into question the legitimacy of the decision to take her deposition.

It is therefore

ORDERED that plaintiff's Motion for Attorneys' Fees in the amount of $194,689.50 be, and it is hereby, granted. It is further

ORDERED that plaintiff's Motion for Non-Taxable Expenses in the amount of $3,626.71 be, and it is hereby, granted.

     /s/ *James C. England*
     **JAMES C. ENGLAND**
     **UNITED STATES MAGISTRATE JUDGE**

Date:  August 18, 2010